UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.:

| | |
|---|---|
| MICHAEL R. KRUMM, <br><br> Plaintiff, <br><br> v. <br><br> A.O. SMITH CORPORATION AND BAR MAID CORPORATION, <br><br> Defendant. | COMPLAINT <br><br><br> JURY TRIAL DEMANDED |

Plaintiff, for his causes of action against the above named Defendants, states and alleges as follows:

## INTRODUCTION

1. On October 22, 2007, Michael R. Krumm was working as bar manager at Axel's River Grill in Mendota, Minnesota when he was hurt while turning on an electric glass washer. An electric glass washer is a motor-powered device designed to be placed in a sink and used to quickly wash drinking glasses. When Mr. Krumm tried to turn on the washer by operating the power switch, he was shocked by the machine and thrown backwards, permanently injuring him.

2. Here is a photograph of the subject electric glass washer after the incident.



## JURISDICTION

3. Jurisdiction of this Court is proper based on the amount in controversy exceeding the sum of $75,000 and diversity of citizenship under 28 U.S.C. § 1332(a). The subject electric glass washer was sold by Hockenberg's Foodservice Equipment and Supply, an official Bar Maid Corporation stocking dealer located in Minneapolis, Minnesota. The Defendant thus had a known dealer in the state of Minnesota and consequently knew the product would be sold to consumers in this District.

4. Venue is proper in this District under 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claim occurred in this District and Defendants knowingly conducted business in this District.

## THE PARTIES

5. Plaintiff, Michael R. Krumm, ("Plaintiff") is an individual who is currently residing in the City of St. Paul, County of Ramsey, State of Minnesota.

6. Defendant, A.O. Smith is a foreign entity incorporated in the State of Delaware, currently registered to conduct business in the State of Ohio.

7. Defendant Bar Maid Corporation is a company currently located in the City of Pompano Beach, County of Broward, State of Florida.

## FACTS GIVING RISE TO THE CLAIM

8. On October 22, 2007, Mr. Krumm was working as bar manager at Axel's River Grill, located at 1318 Sibley Memorial Highway in Mendota, Minnesota.

9. The restaurant owned and made available an electric glass washer.

10. The glass washer was designed and manufactured by Defendant, Bar Maid Corporation and its electric motor was designed and manufactured by Defendant, A.O. Smith.

11. Mr. Krumm tried to turn on the glass washer by operating the on-off switch on the washer.

12. Per Bar Maid Corporation's promotional materials, the glass washer was designed to be installed in sinks filled with water. The washer was designed to quickly and simultaneously wash both the inside and outside of glasses with five brushes electrically powered. It is marketed as a standalone, portable unit with no special plumbing or electrical wiring required.

13. Mr. Krumm had used the subject glass washer for about two years, and had knowledge other of electric glass washers through his prior bartending experience.

14. Bar Maid manufacturers and sells two series of electrical glass washers; the "SS" Series and the "A" Series.  The "A" series of glass washers are not equipped with a ground fault circuit interrupter (GFCI), a simple and inexpensive device that monitors current flowing in a circuit and prevent dangerous electrical currents from reaching the user.

15. Below are photographs of the packaging of the subject electric glass washer identifying the model type as A-200 and serial number 08551.

 

16. GFCI are simple safety components that have been used for years in all kinds of products.  For example, most every hair dryer is equipped with an internal GFCI.

17. Had the subject glass washer been equipped with a GFCI, Mr. Krumm would not have been electrocuted and permanently injured.

18. As a result of the electrocution, Mr. Krumm was severely injured, has undergone surgery and has been told he needs future surgeries as a result of his injuries.

19. Mr. Krumm experienced significant pain at the time of the injury and continues to experience significant pain as a result of being electrocuted. His injuries are life-changing and permanent.

## PRODUCT HISTORY

20. The motor in the electric glass washer was manufactured and supplied by Defendant, A.O. Smith, as evidenced by the label affixed to the subject glass washer's motor:



21. The electric glass washer was manufactured by Bar Maid Corporation, an entity registered in the State of Florida, with a principal place of business at 2950 NW 22nd Terrace, Pompano Beach, Florida.

## PROBLEMS AND DEFECTS IN THE GLASS WASHER

22. Nothing should be more important to companies that design, manufacture, sell, install and products designed to assist people in the workplace than safety.

23. Because nothing should be more important than consumer safety, companies that design, manufacture, sell, install and service products designed to assist people in the workplace must thoroughly analyze the products for potential safety hazards.

24. After the hazard analysis, the company should strive to design out any unnecessary dangers associated with the product.

25. The glass washer was defective because it did not contain a ground fault circuit interrupter or other safety features to eliminate or minimize the risk of electric shock.

26. Defendant Bar Maid Corporation equipped its SS model glass washer with a GFCI.

27. On information and belief, Defendant Bar Maid Corporation and Defendant A.O. Smith worked together on the design of the subject model glass washer and specifically the necessary motor and related safety features.  And as such, A.O. Smith knew or should have known that the motor it manufactured and sold to Bar Maid Corporation would be used in an electric glass washer and thus would have been safer had it been equipped with a GFCI.

## COUNT ONE:  STRICT PRODUCT LIABILITY
## BAR MAID CORPORATION AND A.O. SMITH CORPORATION

28. Mr. Krumm adopts each of the allegations in paragraphs 1 - 27 and in addition alleges as follows:

29. Defendant, Bar Maid Corporation, is in the business of designing, testing, manufacturing, marketing, distributing, and selling electric glass washers.

30. Defendant, A.O. Smith Corporation is or was at the relevant times in the business of manufacturing and supplying motors for electrical glass washers.

31. The subject glass washer, including the A.O. Smith motor that was used in the subject electric glass washer, was defective and unreasonably dangerous for its intended use when it left the Defendants' control.

32. Reasonable consumers would not be aware of the defective condition.

33. Mr. Krumm was not aware of the defective condition.

34. That as a direct and proximate result of the defects in the motor and subject electric glass washer discussed above, Mr. Krumm sustained permanent, debilitating, and painful injuries.

35. That as a direct and proximate result of the defect in the motor and subject electric glass washer, Mr. Krumm sustained permanent injuries; that Mr. Krumm has suffered in the past, and will continue in the future to suffer physical pain and discomfort; and has in the past and will continue in the future to incur medical expenses on account of such bodily injuries;  that by reason of said injuries, physical pain, medical expenses, and other expenses associated with her injuries, Mr. Krumm has incurred expenses and has generally been damaged in a sum in excess of Seventy-five Thousand and No/100 ($75,000.00) Dollars.

### COUNT TWO: NEGLIGENCE
### A.O. SMITH CORPORATION

36. Mr. Krumm adopts the allegations contained in paragraphs 1 -35 and in addition, alleges as follows:

37. Companies that are in the business of designing, testing, manufacturing, marketing, distributing and selling products are never allowed to needlessly endanger consumers.

38. A.O. Smith failed to use reasonable care when they designed, tested, manufactured, marketed, distributed and sold the motor for the subject electric glass washer and consequently put a product on the market that was unreasonably dangerous for its intended or reasonably anticipated use.

39. A.O. Smith knew or should have known that the motors it provided for the Bar Maid Corporation A model glass washers would be used in and around water and thus should have equipped the motors in a way to incorporate a GFCI.

40. That the subject motor was defective for the purpose for which A.O. Smith knew it would be used – namely as a motor for a glass washing machine that would operate in and around water - when it left the Defendants' control .

41. That as a direct and proximate result of this negligence, Mr. Krumm sustained permanent and painful injuries.

42. That as a direct and proximate result of this negligence and the resulting incident, Mr. Krumm  sustained bodily injuries; that such injuries are of a permanent nature; that Mr. Krumm has suffered in the past, and will continue in the future to suffer physical pain and discomfort; and has in the past and will continue in the future to incur medical expenses on account of such bodily injuries; that by reason of said injuries, physical pain, medical expenses and other expenses associated with her injuries, Mr. Krumm has incurred expenses and has generally been damaged in a sum in excess of Seventy-five Thousand and No/100 ($75,000.00) Dollars.

## COUNT THREE: NEGLIGENCE
## BAR MAID CORPORATION

43. Mr. Krumm adopts the allegations contained in paragraphs 1 - 41 and in addition, alleges as follows:

44. Companies like Bar Maid Corporation that are in the business of designing, testing, manufacturing, marketing, distributing and selling products are never allowed to needlessly endanger consumers.

45. Bar Maid Corporation failed to use reasonable care when it designed, tested, manufactured, marketed, distributed and sold the subject electric glass washer and consequently put a product on the market that was unreasonably dangerous for its intended or reasonably anticipated use. Specifically, Bar Maid Corporation should have identified the hazard associated with an electrical motor operating in and around water, designed the potential hazard out by and equipping the glass washer with a GFCI or other features to prevent users from being electrocuted. Appropriate testing and design analysis would have revealed this potential hazard.

46. The subject electric glass washer was defective it if left the Defendant's control.

47. That as a direct and proximate result of this negligence and the resulting incident, Mr. Krumm sustained bodily injuries; that such injuries are of a permanent nature; that Mr. Krumm has suffered in the past, and will continue in the future to suffer physical pain and discomfort; and has in the past and will continue in the future to incur medical expenses on account of such bodily injuries; that by reason of said injuries, physical pain, medical expenses and other expenses associated with her injuries, Mr. Krumm has incurred expenses and has generally been damaged in a sum in excess of Seventy-five Thousand and No/100 ($75,000.00) Dollars.

### COUNT FOUR: BREACH OF EXPRESS WARRANTY

48. Mr. Krumm adopts each allegation in paragraphs 1–47 and in addition alleges as follows:

49. That Defendants, A.O. Smith Corporation and Bar Maid Corporation did expressly warrant that the subject electric glass washer was safe for use by persons such as Mr. Krumm.

50. That Defendants, A.O. Smith Corporation and Bar Maid Corporation breached said warranty by selling an electric glass washer it knew, or should have known, was dangerously defective and unsafe to use.

51. That Mr. Krumm was injured as a direct result of said breach.

## COUNT FIVE: BREACH OF IMPLIED WARRANTY

52. Mr. Krumm adopts each allegation in paragraphs 1–51 and in addition alleges as follows:

53. That Defendants, The A.O. Smith Corporation and Bar Maid Corporation were and are sellers of goods including the subject electric glass washer that injured Mr. Krumm.

54. That Defendants, A.O. Smith Corporation and Bar Maid Corporation did impliedly warrant that the subject electric glass washer was fit for the ordinary and foreseeable uses for which such devices are used, conformed to the promises or affirmations of fact made in advertising, and in general that the subject electric glass washer was merchantable and safe for use by persons such as Mr. Krumm.

55. That Defendants, A.O. Smith Corporation and Bar Maid Corporation breached said warranty by selling an electric glass washer that they knew, or should have known, was dangerously defective and unsafe to use.

56. That Mr. Krumm was injured as a direct result of Defendants' breach of said warranty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants in a sum in excess of Seventy-five Thousand and No/100 ($75,000.00) Dollars, together with costs and disbursements and for all other costs or remedies the Court deems appropriate.

## JURY DEMAND

Plaintiff requests trial by jury.

CHAMPION LAW LLC

Dated: __09/28/11_____    *s/ Nathan H. Bjerke*
Nathan H. Bjerke (026670X)
3252 Rice Street
St. Paul, Minnesota  55126
Telephone:  651/766-5886

**ATTORNEY FOR PLAINTIFF**

## ACKNOWLEDGEMENT

The undersigned attorney acknowledges, pursuant to Minn. Stat. §549.211, that the attorney and the attorney's client are aware that upon motion of a party, or upon the court's own motion, the court in its discretion may award to that party costs, disbursements, reasonable attorney's fees and witness fees if the party or attorney against whom costs, disbursements, reasonable attorney and witness fees are charged acted in bad faith, asserted a claim or defense that is frivolous and that is costly to the other party, asserted on unfounded position solely to delay the ordinary course of the proceedings or to harass, or committed a fraud upon the court.

_____
Nathan H. Bjerke